IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY JOHNSON                                                      PLAINTIFF

V.                          CIVIL ACTION NO.1:14CV71-GHD-DAS

BRANDON DAVIDSON, et al.                               DEFENDANTS

### REPORT AND RECOMMENDATION

The undersigned has reviewed the complaint in this action and the plaintiff's application to proceed *in forma pauperis.* The undersigned recommends that the application to proceed without prepayment of costs be denied and the complaint be dismissed for failure to state a claim.

Title 28 U.S.C. § 1915(a)(1) provides, "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets of such prisoner possesses that the person is unable to pay such fees or give security therefor." This statute does not provide an absolute right to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F. 2d 1332 (5th Cir. 1976).[1] It is a privilege extended to those unable to pay the filing fees when an action is not frivolous or malicious. *Startti v. U.S.A.*, 415 F. 2d 1115 (5th Cir. 1969). The court has discretion to determine whether or not to grant this status, *Carter v. Telectron*, 452 F. Supp. 939 (S.D. Tex. 1976), and the court may monitor a civil action that has been instituted *in forma*

---

[1] The reference to "prisoners" appears to be a drafting error, as this statute provides the authority for filing suit without prepayment of court costs for persons other than prisoners. *Haynes v. Scott,* 116 F3d 137 (5th Cir. 1997).

*pauperis* to avoid or minimize abuse of prosecution in such civil suits. *Hawkins v. Elliot*, 385 F. Supp. 354(D.C. S.C 1974) and *Mann v. Leeke*, 73 F.R.D. 264(D.C. S.C.1974). Here the plaintiff has presented an affidavit that on its face shows that he is unable to pay the court costs, but the action he proposes to file fails to state a claim, is frivolous.

The plaintiff's proposed complaint names Brandon Davidson, a police officer with the City of Aberdeen, Mississippi, the Mayor of Aberdeen, Cecil Bell, the City of Aberdeen and the unknown liability insurers for the defendants. The plaintiff alleges that Davidson stopped him on April 19, 2013. Davidson informed the plaintiff that a confidential informant told him that Johnson had a controlled substance in his truck. Davidson asked for permission to search the truck, and Johnson consented to the search. The search yielded no illicit substances, and Davidson allowed Johnson to leave.

Johnson faults the officer for failing to get a probable cause determination from a judge before stopping him and for failing to advise him of his right to refuse the officer's request for consent to a search. Johnson alleges he wrote to the mayor demanding remedial action and the identity of the confidential informant, but received no response. There are no factual allegations specific to the City of Aberdeen. The plaintiff seeks a million dollars in compensatory and punitive damages from the defendants.

The plaintiff's complaint fails to allege a violation of his constitutional rights. He has no absolute right to the identity of the confidential informant. Even if the stop had resulted in his arrest and prosecution, it is unlikely that the identity of the confidential informant would have been disclosed. *Dowbak v State,* 666 So.2d 1377 (Miss. 1996); *Jenkins v.* State, 757 So.2d 1005 (Miss. App. 1999); U.S. *v. Jackson*, 2009 WL 1606663 (N.D. Miss. June 5, 2009). Nor is his

2

consent to the search rendered involuntary by the failure of the police officer to advise him of the right to withhold consent. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).

The undersigned recommends that the plaintiff's application to proceed be denied, and the complaint dismissed with prejudice for failure to state a claim.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 9th day of June, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE