IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY JOHNSON                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 1:14-cv-00071-GHD-DAS

BRANDON DAVIDSON, City of Aberdeen,
Mississippi Police Officer; CECIL BELLE,
City of Aberdeen, Mississippi Mayor; and
Liability Insurers of Each Defendant                               DEFENDANTS

## MEMORANDUM OPINION

On April 3, 2014, *pro se* Plaintiff Anthony Johnson ("Plaintiff") filed a complaint [1] and

motion to proceed *in forma pauperis* [2]. On June 9, 2014, the United States Magistrate Judge

assigned to this cause entered a Report and Recommendation [4], which was on that date duly

served upon Plaintiff and Defendants. The Magistrate Judge recommends that the Court deny

Plaintiff's motion to proceed *in forma pauperis* and dismiss the case as frivolous and for failure

to state a claim on which relief may be granted under 28 U.S.C. § 1915(e). Plaintiff timely filed

an objection [5] to the Report and Recommendation [4] and also filed an amended complaint [6].

Plaintiff argues that his claims of constitutional violations have merit and are supported by case

law from the United States Supreme Court and the Mississippi Supreme Court. Upon due

consideration, the Court finds that Plaintiff's objection is not well taken and that the Report and

Recommendation should be approved and adopted as the opinion of the Court and further finds

as follows:

*Pro se* filings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct.

594, 30 L. Ed. 2d 652 (1972); *Washington v. Nat'l Educ. Ass'n*, 497 F. App'x 436, 438 (5th Cir.

2012) (per curiam) (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)). However, the

1

Court may dismiss an *in forma pauperis* proceeding at any time if the Court determines in its broad discretion that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The complaint fails to state a claim when it "lacks an arguable basis in law or fact." *Macias*, 23 F.3d at 97. A complaint lacks an arguable basis in law and fact "if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff's allegations suggest that he attempts to raise claims that Defendants violated the Fourth Amendment by subjecting him to unreasonable search and seizure without probable cause and that Defendants willfully, intentionally, and deliberately violated the Fourth and Fourteenth Amendments by acting in total disregard of his due process and privacy rights. Plaintiff alleges the following facts in support: Defendant Brandon Davidson, a City of Aberdeen police officer, stopped Plaintiff's vehicle, stated that he had received information from a confidential informant that Plaintiff had a controlled substance in his vehicle, and asked Plaintiff if he could search Plaintiff's vehicle, without explaining that Plaintiff could refuse the search and without first obtaining a probable cause determination from an official, Pl.'s Compl. [1] ¶¶ 1–3, 11; because Plaintiff believed he had no choice but to agree to the search, he did so, *id.* ¶ 4; Defendant Brandon Davidson searched Plaintiff's truck, but the search did not result in the discovery of any controlled substance, *id.* ¶ 5; Plaintiff was permitted to leave and did so, *id.* ¶ 6; and Plaintiff wrote a letter to Defendant Cecil Belle, the mayor of the City of Aberdeen, "seeking remedial action and the identity of the purported confidential informant," but Plaintiff never received a

response to his letter, *id.* ¶¶ 8–9. Plaintiff alleges that he has suffered "public embarrassment, humiliation, frustrations[,] and loss of peace of mind" as a result of Defendants' alleged actions. *Id.* ¶ 7. The Fifth Circuit has held that " 'where police officers are objectively doing what they are legally authorized to do . . . the results of their investigations are not to be called in question on the basis of any subjective intent with which they acted.' " *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) (quoting *United States v. Causey*, 834 F.2d 1179, 1184 (5th Cir. 1987) (en banc)). Defendant Brandon Davidson was legally authorized to stop Plaintiff and request to search his vehicle, whether he was following a tip or not, and thus, Plaintiff's claims against Defendant Brandon Davidson are without constitutional merit. *See id.*

Plaintiff has also failed to state a constitutional claim against Defendant Cecil Belle, the mayor of the City of Aberdeen. The United States Supreme Court has stated: "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff fails to allege the existence of an "official policy" required by *Monell* as a predicate to municipal liability for constitutional violations. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 478, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). Therefore, his complaint fails to state a constitutional claim against Defendant Cecil Belle as the mayor of the City of Aberdeen.

Insofar as Plaintiff alleges that Defendants were negligent, *see* Pl.'s Compl. [1] ¶ 12, these bare allegations fail to state a negligence claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (complaint does not suffice that tenders "naked assertions devoid of further factual enhancement").[1]

"Generally, a district court should not dismiss a *pro se* plaintiff's complaint without first giving him the opportunity to amend it." *Barnes v. Cain*, 544 F. App'x 483, 483 (5th Cir. 2013) (per curiam) (citing *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). "However, if a plaintiff has pleaded his best case, then the court is not required to permit amendment." *Id.* at 484 (quoting *Brewster*, 587 F.3d at 768) (internal quotation marks omitted). In this case, on the same day he filed his objection to the Report and Recommendation, Plaintiff filed an amended complaint. *See* Pl.'s Am. Compl. [6]. However, his amended complaint similarly fails to state a claim. In the amended complaint, Plaintiff adds the City of Aberdeen as a Defendant, but as in the original complaint, fails to allege a constitutional violation on the part of the municipality. His allegations that the purported informant "was not reliable and lied on the Plaintiff, if an informant did inform Defendant [Brandon] Davidson that Plaintiff was carrying controlled substances in his vehicle on the day in question," are conclusory and fail to state a constitutional claim. *See id.* ¶2(b). Finally, his additional allegations about the details of the search that Defendant Brandon Davidson "called backup and/or a canine, then used the backup and canine to search the Plaintiff's person and [vehicle]," *see id.* ¶ 5, and that the letter Plaintiff wrote to Defendant Cecil Belle sought remedial action and the identity of the purported informant "because the Plaintiff wanted to file suit against this informant for lying," *see id.* ¶ 8, similarly do not state a constitutional claim against Defendants. This Court finds that Plaintiff has pleaded his best case and that any further amendment would be futile. The allegations in both his complaint and amended complaint fail to present actionable Fourth Amendment or Fourteenth Amendment claims or state-law claims and thus must be dismissed.

---

[1] Of course, even if Plaintiff had stated a negligence claim, negligent conduct in and of itself does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

For all the foregoing reasons and for those stated in the Report and Recommendation, Plaintiff's claims must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

An order in accordance therewith shall issue this day.

THIS, the 7th day of July, 2014.

_____
SENIOR JUDGE